THOMAS BARROWS AND THE VICTOR SEWING MACHINE CO.
v. WILLIAM J. CUSHWAY AND CLARK D. GARDNER.

*Indefinite Agency Terminated by Notice—Gratuitous Bailee not Liable for Losses without Negligence.*

Where the duration of a contract of agency is not fixed, the agent may terminate it on giving reasonable notice.

Sewing machines, shipped under a contract to be sold on commission, were destroyed by fire without the consignee's fault and after he had given reasonable notice to the shippers to take them back. The contract did not make him agent of the shippers for any definite time, and did not transfer the title to the machines. *Held,* that after he had given reason-

able notice to remove them he would be liable only for gross negligence, and the shippers could not recover for the loss.

Error to Mason.    Submitted Oct. 9.    Decided Oct. 30.

ACTION ON A BOND brought by plaintiffs in error as co-partners, against Cushway as principal and Gardner as surety for the faithful performance of the following contract:

"Office of Thomas Barrows & Co., Chicago, Ill., Oct. 11, 1873. In consideration of Thomas Barrows & Co. making consignment of Victor sewing machines to me, in such quantities and at such times as they may elect, to be sold on their account at the regular retail prices. The machines to be properly packed and delivered in good order at any railroad depot or express office in the city of Chicago, as directed (after which all charges and expenses of every kind, including taxes and insurance, to be defrayed by me), and their paying me a commission for selling the said machines as follows, to-wit: On sales made for cash, a commission of 45 per cent. On sales made for notes at six months, 40 per cent. And on the further consideration of their agreement to give me the right to sell Victor sewing machines in the following territory, to-wit: Ludington and vicinity, Mason Co., Michigan, I agree to the following, to-wit: to devote my attention exclusively to the sale of the said machine. Also to render the consignors in the prescribed form a statement of stock on hand as often as may be required. Also, to keep the machines (unsold) in good order and condition, and return them to the consignors or order upon demand free of charge. I further agree to render a faithful report of all machines sold during the month, giving style and plate No. of each, and to give my note for the price of said machines sold, less 40 per cent., due six (6) months after date thereof, without interest, payable at some bank in Ludington, Mason Co., Mich."

The contract was not signed at all, but the bond was signed by Cushway and Gardner. The remaining facts are shown in the opinion. Under the charge of the court below, the jury found for the defendants, and plaintiffs brought error.

*C. G. Wing* (on brief) for plaintiffs in error.

*White & Haight* for defendants in error.

MARSTON, J. We do not consider it at all necessary to pass upon all the questions raised in this case. Admitting, for the purpose of this case, the contract between plaintiffs and defendant Cushway to have been executed in such manner as to bind the latter, and that parol evidence would have been inadmissible to show that the agency was to be exclusive within the territory mentioned, points upon which we express no opinion, there was nothing in the contract which would bind Cushway to act as agent for any definite length of time, or which would transfer or pass to him title to the sewing machines shipped to him thereunder.

It appears, and the record states was undisputed, that the defendant requested one of plaintiffs' agents in the spring of 1875 to remove and take away the undisposed of machines then in his possession, and that he wrote the plaintiffs the first of May to like effect, but received no reply thereto. This he claims to have done upon the ground that they had violated their contract by appointing another agent to sell machines within the territory previously granted to the defendant. The reasons, however, are not of so much consequence. On the 14th of June defendant's store was destroyed by fire, and the machines then unsold, together with certain property of the defendant, were destroyed, and on the trial it was admitted by counsel for the respective parties "that the machines and fixtures thereto belonging, for which compensation is sought for in this action, were destroyed by the fire of June 14, 1875, and that such fire occurred without fault or negligence on the part of defendant Cushway." The court charged the jury that "if they found Cushway gave plaintiffs notice a reasonable time before the fire to take their machines off his hands, he would, after the expiration of such reasonable time for removal, be answerable only for gross negligence, and that plaintiffs could not recover for machines destroyed by fire without fault or negligence on the part of Cushway after the lapse of such reasonable time."

Under the declaration and claim of the plaintiffs the charge here given was correct, and was, under the admitted facts, decisive of the case, and the other rulings of the

court, whether correct or not, could have had no material bearing.

The judgment must be affirmed with costs.

The other Justices concurred.